IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JESSIE A ROLLINS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:17-CV-00143-RWS |
| v. | § § | |
| VSE CORPORATION, | § § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.

On April 12, 2018, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's Partial Motion to Dismiss with Prejudice (Docket No. 17) be granted in part and denied without prejudice in part. Specifically, the Magistrate Judge recommended Plaintiff's "unsafe and hazardous work environment" and "unfair treatment" claims be dismissed. Otherwise, the Magistrate Judge recommended Defendant's partial motion be denied without prejudice to refiling.[1]

---

[1] In its partial motion to dismiss, Defendant moved to dismiss only the following claims alleged in Plaintiff's amended complaint: (1) wrongful termination, (2) unsafe and hazardous work environment, (3) unfair treatment, (4) age discrimination, (5) defamation of character, and (6) invasion of privacy records. Defendant did not seek to dismiss the sex discrimination, harassment, and retaliation claims pleaded by Plaintiff in his original complaint.

To date, no objections have been filed to the April 12, 2018 Report and Recommendation. As noted in the Report and Recommendation, failure to file objections to the proposed findings and recommendations contained in the report within fourteen days after service bars an aggrieved party from de novo review by the district court of those proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.

The Court agrees with the Magistrate Judge's recommendation that Plaintiff's "unsafe and hazardous work environment" claim fails because the Occupational Safety and Health Act does not create a private cause of action for employees, and that even if it did, Plaintiff's claim would fail for failure to exhaust administrative remedies. The Court further agrees with the Report that Plaintiff's unfair treatment claim is not an independent cause of action, and instead, can be included in an amended complaint as facts supporting Plaintiff's claims for harassment, retaliation, and/or discrimination. Lastly, the Court agrees that Plaintiff should re-plead the remaining claims with further specificity, as detailed below.

There being no grounds of plain error or manifest injustice, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Partial Motion to Dismiss with Prejudice (Docket No. 17) is **GRANTED-IN-PART** as to Plaintiff's "unsafe and hazardous work environment" and "unfair treatment" claims and **DENIED-IN-PART** without prejudice as to Plaintiff's wrongful termination, age discrimination, defamation, and invasion of privacy claims. Plaintiff's unsafe and hazardous work environment and unfair treatment claims are **DISMISSED WITH**

**PREJUDICE**.[2]  It is further

**ORDERED** that within thirty (30) days from the date of entry of this Order, Plaintiff shall file a second amended complaint, alleging all of the claims he is asserting, along with the specific facts supporting each element of each claim. Specifically, Plaintiff shall re-plead his wrongful termination/breach of contract, age discrimination, defamation, and invasion of privacy claims, as well as all relevant claims and factual allegations necessary to support those claims as alleged in the original complaint (i.e., sex discrimination, sexual harassment, and retaliation).  Plaintiff is advised that once the second amended complaint is filed, the Court will look only to that document and any attachments thereto in review of any future claims on his behalf.  It is further

**ORDERED** that in his second amended complaint, Plaintiff shall include the following. Regarding his wrongful termination/breach of contract claim, Plaintiff shall specifically allege whether there was a valid employment contract between the parties and whether the employee handbook referenced by Plaintiff in his response alters the at-will relationship in a meaningful way, and if so, in what specific way.

Regarding his disparate treatment age discrimination claim, Plaintiff shall allege his age; how he was qualified for his position; the adverse employment action that was "but for" his age; that he was replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., he suffered from disparate treatment because of membership in the protected class); who made the alleged comments regarding his age and/or his wife's age; and the specific contents of those comments.

Regarding his defamation claim, Plaintiff shall specifically allege the time and place the alleged defamatory statements were made and the recipients of the defamatory statements; whether

---

[2] As noted by the Magistrate Judge, Plaintiff's allegations of unfair treatment can be included in an amended complaint as facts supporting Plaintiff's claims for harassment, retaliation, and/or discrimination. (Docket No. 24 at pg. 16).

the alleged defamation was made while in the discharge of any employee's duties for Defendant or in the furtherance of Defendant's business, whether any employee acted negligently as to the truth of the matters, and how the statements were made with knowledge of their falsity or with reckless disregard for the truth.

Regarding his invasion of privacy claim, Plaintiff shall allege what private affairs or concerns Defendant intruded upon; how it is highly offensive; and the damage suffered as a result of Defendant's alleged intrusion.

**So ORDERED and SIGNED this 4th day of May, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE